IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JULIO C. LUCIANO-RUÍZ, et al.

    Plaintiffs

    v.

MÉNDEZ & COMPANY, INC.

    Defendant

**Civil No. 08-1917(SEC)**

**OPINION AND ORDER**

Pending before this Court are Defendant Méndez & Company, Inc.'s ("Méndez" or "Defendant") Motion to Dismiss (Docket # 7), and Plaintiffs Julio C. Luciano-Ruíz ("Luciano"), Aracelis del Toro-Vargas ("Toro-Vargas"), and their conjugal partnership's (collectively "Plaintiffs") opposition thereto (Docket # 14). Defendant replied (Docket # 21), and Plaintiffs sur-replied (Docket # 24). After reviewing the filings, and the applicable law, Defendant's Motion to Dismiss is **GRANTED in part and DENIED in part**.

**Factual Background**

On August 19, 2008, Plaintiffs filed suit against Defendants under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e, *et seq.*, Puerto Rico Law 100 of December 20, 1959, P.R. LAWS ANN. tit. 29 § 146, *et seq.*, Law 115 of December 20, 1991, P.R. LAWS ANN. tit. 29 § 194, *et seq.*), Law 80 of May 30, 1976 (P.R. LAWS ANN. tit. 29 § 185a, *et seq.*), and Article 1802 of the Puerto Rico Civil Code (P.R. LAWS ANN. tit. 31 § 5141). See Docket # 1. According to the complaint, Luciano worked as a salesman for Méndez since August 23, 1993,

**CIVIL NO. 08-1917 (SEC)** 2

and his work performance was excellent. See Docket # 1, ¶¶ 1 & 2.[1] Nevertheless, Plaintiffs contend that Defendant began to change Luciano's terms and conditions of employment. Due to the alleged harassment and discriminatory actions from Méndez's management, Luciano filed charges against Méndez at the Equal Employment Opportunity Commission ("EEOC")/Anti-discrimination Unit of the Puerto Rico Department of Labor. See Docket # 1, ¶ 4.[2] He also filed suit in state court, alleging wrongful termination and discrimination. See Docket # 7-2. Plaintiffs contend that Luciano-Ruíz was subsequently terminated on April 20, 2007,[3] in retaliation for filing the above-mentioned complaint in state court, whereupon Defendant replaced him with a younger individual, with less experience and seniority. See Docket # 1, ¶1.

On October 10, 2008, Méndez filed the instant motion, arguing that Plaintiffs are barred from filing the present suit under *res judicata*. See Docket # 7. Defendant contends that, on March 30, 2004, Plaintiffs filed suit in state court against Defendant, alleging discrimination, and wrongful termination due to his religious beliefs and disability.  Notwithstanding, on June 5, 2007, they voluntarily dismissed said complaint with prejudice. As a result, Defendant avers that Plaintiffs cannot re-litigate the issues that were raised in the state court suit, and which arise from the same nucleus of operative facts. Defendant further contends that Plaintiffs did not

---

[1] This Court notes that Plaintiffs' state court complaint, filed on March 19, 2003, states that Luciano was dismissed from his post on October 14, 2003. See Docket # 12, Ex. 1, p. 1 ¶ 2. Therefore, if Luciano was dismissed earlier, he must have been rehired or reinstated at some intervening point; however, it is not clear from the record when this took place.

[2] In the state court suit, Luciano alleged that he was the object of unlawful harassment, discrimination, and dismissal based on his religious beliefs, and disability. See Docket # 12, Ex. 1, pp. 2 & 4, ¶¶ 8 & 21.

[3] In the complaint, Plaintiffs assert that Luciano was terminated shortly after Plaintiffs dismissed their state court complaint. See Docket # 1, ¶ 28. However, upon reviewing the record, this Court finds that Plaintiffs' state court claims were dismissed with prejudice on June 5, 2007, pursuant to Plaintiffs' counsel request, while Luciano was terminated on April 20, 2007.  Docket # 7-3.

**CIVIL NO. 08-1917 (SEC)**                                                                                          3

allege age-based discrimination in the state court suit, thus they failed to raise all claims regarding the alleged discriminatory actions. Méndez also notes that Plaintiffs did not request leave to amend the complaint to include the allegations set forth in the present suit, and as a result, waived the same. Based on the foregoing, Defendants move for the dismissal of Plaintiffs' claims on *res judicata* grounds.

In opposition to Defendant's request for dismissal, Plaintiffs argue that, during a pretrial conference held on March 14, 2007, and pursuant to Defendant's counsel's request, the Honorable Judge Waleska I. Aldebol Mora ("Judge Aldebol"), established a cut-off date for Plaintiffs' claims. As a result, the state court excluded from the case all claims arising from facts that occurred after March 30, 2004, the date of the filing of the complaint. As a result, the parties were ordered to re-file the pre-trial conference memorandum, excluding all facts occurred after March 30, 2004. Plaintiffs further allege that the state court denied their requests to amend the complaint during said pre-trial conference. Moreover, they contend that during the second pre-trial conference held on June 5, 2007, the state court denied their renewed request to amend the complaint. Plaintiffs allege that, as a result of foregoing, they requested the dismissal of the state court case, and on September 6, 2007, Luciano filed a discrimination charge with the EEOC and the ADU, seeking relief from the discriminatory actions that took place after March 30, 2004. Thereafter, he filed the present suit. Based on the foregoing, Plaintiffs argue that the *res judicata* doctrine does not apply to the claims arising from events occurred after the state court's March 14, 2004 cut-off date.

**Standard of Review**

*Fed. R. Civ. P. 12(b)(6)*

To survive a Rule 12(b)(6) motion, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F. 3d 107, 112 (1st Cir.

**CIVIL NO. 08-1917 (SEC)** 4

2008).[4] In evaluating whether Plaintiffs are entitled to relief, the court must accept as true all of their "well-pleaded facts [and indulge] all reasonable inferences therefrom" in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305(1st Cir. 2008). Courts "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Id. at 305-306. However, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)); Buck v. American Airlines, Inc., 476 F. 3d 29, 33 (1st Cir. 2007); see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Thus Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). Although complaints do not need detailed

---

[4] FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to allow the defendant fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).

**CIVIL NO. 08-1917 (SEC)**                                                                 5

factual allegations, the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Twombly</u>, 127 S. Ct. At 1965; <u>see</u> <u>also</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). A plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S. Ct. At 1965. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." <u>Parker v. Hurley</u>, 514 F. 3d 87, 95 (1st Cir. 2008).

**Applicable Law and Analysis**

Federal courts are required to give full faith and credit to the final judgments of Puerto Rico courts, thus, Puerto Rico law dictates the preclusive effect of such judgments. <u>Barreto-Rosa v. Varona-Méndez</u>, 470 F.3d 42, 45 (1st Cir. 2006). This court "lacks subject matter jurisdiction to entertain a controversy previously adjudicated by the Puerto Rico courts." <u>Barreto-Rosa</u>, 393 F. Supp. 2d at 126 (citing <u>District of Columbia Ct.App. v. Feldman</u>, 460 U.S. 462, 482-86 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923)). The doctrine of *res judicata* is codified in Article 1204 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. tit. 31, § 3343. This section reads: "[i]n order that the presumption of *res judicata* be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes and persons of the litigants, and their capacity as such." <u>Id.</u>

The First Circuit has held that for *res judicata* to apply, the claims brought forth do not need to be identical. Specifically, under Puerto Rico law, the doctrine of *res judicata* -sometimes called "claim preclusion"- precludes "relitigation of claims and/or issues which have been, or could have been litigated in a prior judicial action for which judgment has been

rendered." Barreto-Rosa, 393 F. Supp. 2d at 127. Claim preclusion applies "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Dibbs v. Gonsalves, 921 F. Supp. 44, 48 (D.P.R. 1996). Therefore, "[u]nder Puerto Rico law, *res judicata* and collateral estoppel preclude the relitigation of claims and issues that were, or could have been, brought in a previous action for which judgment has been rendered." Barreto-Rosa, 470 F.3d at 45 (emphasis added) (citing Baez-Cruz v. Municipality of Comerio, 140 F.3d 24, 28 n.1 (1st Cir. 1998)); see also Havercombe v. Dept. of Education, 250 F.3d 1 (1st Cir. 2001).

To trigger claim preclusion, there must be "'(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits.'" Coors Brewing v. Méndez-Torres, 562 F.3d 3, 8 (1st Cir. 2009) (citations ommitted). Claim preclusion "requires a prior judgment on the merits that is, in the authoritative Spanish, 'final y firme' (officially translated as 'final and unappealable')." Barreto-Rosa, 393 F. Supp. 2d at 128 (citing Cruz v. Melecio, 204 F.3d 14, 20-21 (1st Cir. 2000) (citing Worldwide Food Distribs., Inc. v. Colon Bermudez, 133 P.R. Dec. 827, 831 (1993))). Therefore, a judgment becomes final when no further appeal from it can be taken. Id. Under Puerto Rico law, a voluntary dismissal with prejudice is an adjudication on the merits, and, ultimately, bars a party from relitigating the same cause of action. Id. at 131. Puerto Rico's *res judicata* scheme places a burden on all litigants to make sure that issues related to those being litigated are included in the action, and failure to do so will preclude them from being brought later on. This stance is in keeping with the goals of the *res judicata* doctrine, specifically increasing the efficiency of the courts, and exorcizing the specter of interminable litigation.

**CIVIL NO. 08-1917 (SEC)** 7

Even if this Court deems as true all well-pleaded facts in the complaint, and draws all inferences in Plaintiffs' favor, their discrimination claims fail. While it might seem at first glance that a dismissal with prejudice of the first complaint would not bar the second one, *res judicata* precedent is clear: issues that could have been brought up in a previous action for which judgment has been rendered are precluded from re-litigation. Barreto-Rosa 470 F.3d at 45. Although a set of facts may give rise to multiple claims based on different legal theories, if the facts form a common nucleus that is identifiable as a transaction or series of related transactions, then those facts represent one cause of action for purposes of *res judicata*.[5] Gonzalez, 27 F.3d at 755; Kale v. Combined Ins. Co., 924 F.2d 1161, 1166 (1st Cir. 1991). Merely alleging a new legal theory does not preclude the application of *res judicata*. Arroyo v. K-Mart Inc., 81 F. Supp. 2d 301, 306 (D.P.R. 1999) (citing Futura Development. v. Centex Corp., 761 F.2d 33, 44 (1st Cir. 1985).

Upon reviewing the record, this Court notes that the wording of the allegations contained in the state court complaint is almost identical to those set forth in the instant suit, except for the additional cause of action under the ADEA, and Luciano's April 20, 2007 dismissal. Here, as in Havercombe, "key in both cases was the employment relationship between [Plaintiff] and the defendants and the propriety of defendants' motivation for adverse employment decisions that [Plaintiff] alleges he endured." 250 F.3d at 6. Specifically, Plaintiffs allege that Méndez "started a harassment and discrimination campaign" against him because of his age, which consisted of an increase of Luciano's workload, the imposition of difficult tasks and quotas,

---

[5] This Court has enumerated several factors which are useful in determining whether a party has advanced claims in multiple litigations which derive from the same nucleus of operative facts. Apparel Art Intl. v. Amertex Enterprises, 48 F.3d 576, 584 (1st Cir. 1995). These factors include: 1) whether the facts are related in time, space, origin or motivation; 2) whether the facts form a convenient trial unit; and 3) whether treating the facts as a unit conforms to the parties' expectations. Id.

**CIVIL NO. 08-1917 (SEC)** 8

reductions in his salary and benefits, changes in his routes, failure to provide assistance, promotions, training, and products to Luciano, accusations about Luciano's alleged insubordination, and constant threats in regards to his performance, despite his excellent performance. All of the foregoing was included in the state court complaint. Moreover, therein Luciano averred that Méndez acted favorably towards "employees with less seniority and experience." See Dockets ## 7-2 and 12-2. Therefore, in the state court complaint, Luciano also alleged that he was treated differently from his co-workers. Thus, there is a judgment on the merits in an earlier suit, the same litigants are involved, and the discrimination claims arise from the same set of facts.

In their opposition, Plaintiffs aver that the claims brought in the instant suit differ from those litigated in state court, insofar as the facts considered by said court were limited to those that occurred prior to the March 30, 2004 cut-off date. This Court notes that during the pretrial conference held before the state court on March 14, 2007, at Defendant's counsel's prodding, Judge Aldebol established a cut-off date of March 30, 2004, as to the allegations and events that the court would consider. See Docket # 19, Ex. 1, pp. 1-2. However, per the court's minutes, at that time, Plaintiffs' counsel did not oppose the imposition of the cut-off date, nor did he request leave to amend the complaint to include the events that took place after the cut-off date. Moreover, Plaintiffs' counsel did not move for reconsideration, nor did he appeal said ruling *via certiorari* to the Puerto Rico Court of Appeals. On the contrary, per the state court's minutes, Plaintiffs' counsel "recognized that in this kind of complaint it is necessary to establish a cut-off date." Docket # 19-2.

Although *res judicata* may not apply when an appeal from the prior judgment was attempted but could not be accomplished, and appellant was not at fault, that is not the situation in the case at bar. Barreto-Rosa, 470 F.3d at 48; Arroyo, 81 F. Supp. 2d at 309, n. 17. Since

**CIVIL NO. 08-1917 (SEC)**                                                                                          9

Plaintiffs dismissed with prejudice[6] their state court claims on June 5, 2007, all of the proscribed activities Méndez allegedly engaged in had occurred, and should have been amended into the state court complaint, instead of filing a new claim at the EEOC,[7] and subsequently, the instant suit. Although Plaintiffs argue that they requested leave to amend the complaint during the March 14, 2007, and the June 5, 2007 pretrial conferences, the court's minutes and Sentence do not show that said request was made, or denied by the court. Dockets ## 7-3 & 14-2. Notwithstanding, even if Plaintiffs showed that their request to amend the complaint was denied by the state court, the appropriate recourse was to move for reconsideration, or file an appeal to the Puerto Rico Circuit Court of Appeals.[8] Plaintiffs have failed to show that they attempted either.

Thus, as the First Circuit has held, Plaintiff "has only himself to blame for not bringing it to the court's attention and amending his complaint accordingly." Havercombe, 250 F.3d at 9. Plaintiffs should have appealed Judge Aldebol's rulings establishing a cut-off date, disallowing the amendments to the complaint, and dismissing the case with prejudice, if they believed said rulings were erroneous, instead of dismissing all of their claims with prejudice. Lastly, this Court noted that, if for some tactical or strategic reason, Plaintiffs believed that they were better served by moving the action to Federal Court, the dismissal had to be without

---

[6] It is important to note that Plaintiffs erroneously assert that the state court complaint was dismissed without prejudice (see id. & id. at p. 7 ¶ 28), when in fact Judge Aldebol dismissed their claims with prejudice (see Docket # 12, Ex. 3).

[7] After the dismissal of the state court case, Plaintiffs filed a claim with the EEOC, and later filed the complaint before this Court on August 19, 2008 (see Docket # 1).

[8] Under Rule 47 (e)(1) of the Puerto Rico Rules of Civil Procedure, P.R. LAWS ANN. tit. 32, App. III R. 47 (2004), a party may request a court to reconsider its ruling. Moreover, a party may appeal the lower court's interlocutory decisions *via certiorari* to the Puerto Rico Court of Appeals, pursuant to Puerto Rico Rule of Civil Procedure 53 (e)(1).

**CIVIL NO. 08-1917 (SEC)**                                                                                                  10

prejudice in order for their discrimination claims to survive. However, Plaintiffs' counsel also failed to object to the dismissal with prejudice. Thus by failing to exhaust the procedural mechanisms available to them, and by agreeing to dismiss their claims with prejudice, Plaintiffs conceded, perhaps inadvertently, to having all the discrimination claims that were being litigated, and those that could have been litigated, be deemed finally settled. As a result, and in keeping with the full faith and credit owed to Puerto Rico courts, this Court is barred from revisiting Plaintiffs' discrimination claims.

*Retaliation Claims*

At the time that Judge Aldebol established the March 30, 2004 cut-off date, all the facts alleged in the present complaint, except for Luciano's April 20, 2007 dismissal, had occurred. See Havercombe, 250 F.3d at 9. Plaintiff should have opposed the imposition of a cut-off date, and appealed said determination if their request was denied. Notwithstanding, the retaliation claim for Luciano's April 20, 2007 dismissal is a separate cause of action, which was not included in the state court complaint and, as a result, it is not barred by *res judicata*. Specifically, in the present complaint, Luciano alleges that he was terminated due to the filing of the state court complaint and subsequent EEOC charge.

This Court notes that, in Havercombe, the First Circuit held that the plaintiff had failed to show that there was a "separate actionable wrong" in the second complaint, and as a result, his claims were barred by *res judicata*. 250 F.3d at 7. Thus the Court recognized that a new cause of action arises when there is a "discrete, separable wrong." In the present case, Luciano sets forth a new and separate claim by alleging he was terminated in retaliation for filing the state court complaint. This claim arises from a different set of facts as those alleged in the state court suit. As a result, it is not part of the "harassment and discrimination campaign"he alleges Méndez engaged in because of his age. Thus *res judicata* does not apply to this issue. In light

**CIVIL NO. 08-1917 (SEC)**                                                                 11

of the foregoing, Plaintiffs' retaliation and Law 80 claims, based upon his April 20, 2007 termination, survive dismissal at this stage.

**Conclusion**

Based on the foregoing, Defendants' motion to dismiss is **GRANTED in part and DENIED in part**. Therefore, Plaintiffs' discrimination claims under the ADEA, Law 100, and Article 1802[9] are **DISMISSED with prejudice**. However, Plaintiffs' claims for retaliation under Title VII, and Law 115, as well as their Law 80 claims, remain before this Court.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 9th day of September, 2009.

*S/Salvador E. Casellas*
Salvador E. Casellas
U.S. District Judge

---

[9] The Puerto Rico Supreme Court has held that the only relief for an employee that is dismissed without cause are those set forth by Law 80. See Porto v. Bentely P.R., Inc., 132 P.R. Dec. 331, 342 (1992).